**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOHN STULL, et al., individually and on behalf of similarly situated individuals,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **CIVIL NO. 10-600-GPM** |
| **YTB INTERNATIONAL, INC., et al.,** | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. INTRODUCTION

This matter is before the Court on a motion to stay proceedings (Doc. 12). The Court will dispense with a lengthy recitation of the nature of the claims asserted in this case, as this has been discussed in previous orders of the Court. *See, e.g., Morrison v. YTB Int'l, Inc.*, Civil Nos. 08-565-GPM, 08-579-GPM, 2010 WL 1558712, at **1-2 (S.D. Ill. Apr. 19, 2010); *Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768, 771-73 (S.D. Ill. 2009). Plaintiffs in this matter are John Stull, Randall Quick, LaShonda Stiff, Faye Morrison, Jeff Hartman, Polly Hartman, JPH Development, Inc. ("JPH"), Courtney Speed, Kwame Thompson, Jorge Gonzalez, Nikky Shotwell, and Grace Perry. Plaintiffs allege that they are victims of a pyramid scheme operated by Defendants YTB International, Inc. ("YTB"), YourTravelBiz.com, Inc. ("YTB.com"), YTB Travel Network, Inc. ("YTBTN"), YTB Travel Network of Illinois, Inc. ("YTBTNI"), J. Lloyd Tomer, J. Scott Tomer, J. Kim Sorensen, Andrew Cauthen, and Robert Van Patten. Plaintiffs allege further that the aforementioned Defendants were abetted in their scheme by

Defendants Meridian Land Company, Winfield Development, LLC, CCMP, Inc. ("CCMP"), Clay O. Winfield, and Timothy Kaiser. The complaint in this case asserts a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*., and claims under the consumer protection statutes of Missouri, Georgia, and Utah, together with civil conspiracy claims under the laws of Illinois, Missouri, Georgia, and Utah. Additionally, the complaint seeks the certification of both plaintiff classes and defendant classes under the laws of Illinois, Missouri, Georgia, and Utah. Finally, the operative complaint in this case names as respondents in discovery pursuant to 735 ILCS 5/2-402 Armstrong Teasdale, LLP, James G. Martin, Jay Summerville, and Brian Edward Kaveney. The respondents in discovery are counsel in this cause for YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, CCMP, and Van Patten.

This case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and has been removed to this Court by YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, CCMP, and Van Patten. Federal subject matter jurisdiction is premised on diversity pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). This case is the successor to an earlier case that was on the docket of the undersigned, that is, the case of *Morrison v. YTB International, Inc*., which is cited above. For this reason, although this action originally was assigned to Chief United States District Judge David R. Herndon, the action was reassigned to the undersigned in accordance with the Court's policy of concentrating related cases before a single judge. *See Wiess v. Wal-Mart Stores, Inc*., Civil No. 10-111-GPM, 2010 WL 1948187, at *1 (S.D. Ill. May 13, 2010); *Bourda v. Caliber Auto Transfer of St. Louis, Inc*., Civil No. 09-519-GPM, 2009 WL 2356141, at *1 (S.D. Ill. July 31, 2009). The undersigned recently dismissed the *Morrison*

case. *See Morrison v. YTB Int'l, Inc.*, Civil Nos. 08-565-GPM, 08-579-GPM, 10-305-GPM, 2010 WL 2132062, at *3 (S.D. Ill. May 26, 2010). Consequently, an appeal to the United States Court of Appeals for the Seventh Circuit from the order of dismissal and other orders that were entered in the *Morrison* case is pending. At this time YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, CCMP, and Van Patten seek a stay of this case pending resolution of the appeal in the *Morrison* case. The Court rules as follows.

## II. ANALYSIS

It is axiomatic that the power to issue a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Jackson v. Van Kampen Series Fund, Inc.*, Nos. 06-cv-944-DRH, 06-cv-994-DRH, 2007 WL 1532090, at *2 (S.D. Ill. May 24, 2007) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)) (internal citation omitted). *See also Parthasarathy v. T. Rowe Price Int'l Funds, Inc.*, Nos. 06-cv-943-DRH, 06-cv-1008-DRH, 2007 WL 1532104, at *2 (S.D. Ill. May 24, 2007) (noting the inherent authority of a court to stay proceedings); *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1054 (S.D. Ill. 2006) (same). *Cf. Beesley v. International Paper Co.*, No. 06-cv-703-DRH, 2007 WL 2458228, at *4 (S.D. Ill. Aug. 24, 2007) (citing *Kircher v. Putnam Funds Trust*, Nos. 06-cv-939-DRH, 06-cv1001-DRH, 2007 WL 1532116, at *2 (S.D. Ill. May 24, 2007)) (a court has inherent authority to enter a full or partial stay of proceedings sua sponte). The decision to issue a stay rests within a district court's discretion, subject to the requirement that such discretion must be exercised in a manner that is consistent with equity and judicial economy. *See Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1955) (citing *Landis*, 299 U.S. at 254) (noting the "important

distinction . . . between the power of a court to stay proceedings pending before it and the propriety of using that power, which calls for a weighing of competing interests and the maintenance of an even balance."); *Square D Co. v. Showmen Supplies, Inc.*, No. 2:06 cv 426, 2007 WL 1430723, at *2 (N.D. Ind. May 14, 2007) (a district court's discretion to grant a stay must be exercised in a manner consistent "with principles of fairness and judicial economy"); *George v. Kraft Foods Global, Inc.*, No. 06-cv-798-DRH, 2006 WL 3842169, at *1 (S.D. Ill. Dec. 22, 2006) (same).

Having considered the matter carefully, the Court concludes that in this instance a grant of a stay is not an appropriate exercise of the Court's discretion. In the first place, neither the Court nor the parties and their counsel can predict with any certainty how long it may take for the Seventh Circuit Court of Appeals to resolve the appeal in the *Morrison* case. Although the moving Defendants have adduced some evidence concerning the average length of an appeal in the Seventh Circuit, in the Court's experience appeals often can take far longer to resolve than ten or eleven months. The Court is not inclined to grant such an open-ended stay for so indefinite a period. Additionally, the Court is intimately familiar with the subject matter of this case and is well-situated to rule on issues disputed between the parties with dispatch. With respect to the claims of Stull, Morrison, the Hartmans, JPH, Speed, Thompson, and Perry, the fate of those claims in light of the Court's earlier orders in the *Morrison* case already is fairly clear even at this early stage of these proceedings. The Court can dispose of those claims quickly through a simple application of principles of claim preclusion and issue preclusion. *See Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986) (setting out the elements of claim preclusion under federal law); *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 905-06 (7th Cir. 1990)

(elements of issue preclusion). *See also Central States, Se. & Sw. Areas Pension Fund v. Hunt Truck Lines, Inc*., 296 F.3d 624, 628 (7th Cir. 2002) (federal rules of preclusion apply when evaluating the preclusive effect of a federal court's judgment); *EEOC v. Harris Chernin, Inc*., 10 F.3d 1286, 1289 n.4 (7th Cir. 1993) (same). As for the putative class claims under the laws of Missouri, Georgia, and Utah, the Court already explained in an order in the *Morrison* case how it proposed to deal with any classwide claim under the law of a foreign state that should come before it, namely, by transferring the claim to the foreign jurisdiction under the law of which the claim is brought. *See Morrison v. YTB Int'l, Inc*., Nos. 08-565-GPM, 08-579-GPM, 10-305-GPM, 2010 WL 1948193, at *2 (S.D. Ill. May 13, 2010). The Court notes that, were it routinely to grant stays in cases whenever an appeal in a related case is pending, this would substantially reduce the amount of judicial business conducted by the Court. It is in the interest of all of the parties to this case, the Court believes, for the issues in dispute in this case to be resolved expeditiously, and therefore the requested stay will be denied.

As a final matter, for the sake of moving this case forward, the Court will order the Defendants that have appeared in this case to date to submit dispositive motions in this case not later than thirty (30) days from the date of entry of this Order. Such motions and their supporting briefs should address the claim-preclusive and issue-preclusive effect of the Court's judgment in the *Morrison* case with respect to the claims in this case. Also, the parties are advised that the Court is considering whether to sever the claims asserted in this case under the laws of Missouri, Georgia, and Utah and whether, pursuant to 28 U.S.C. § 1404, to transfer the foreign claims to an appropriate forum in, respectively, Missouri, Georgia, and Utah. *See* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3844 (3d ed. 1998 &

Supp. 2010) (discussing a district court's power to transfer cases sua sponte under Section 1404, and noting that the better practice is to give the parties notice that the court is contemplating such transfer) (collecting cases); *Robinson v. Town of Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) (same). *See also TV-3, Inc. v. Royal Ins. Co. of Am.*, 28 F. Supp. 2d 407, 420 (E.D. Tex. 1998) (transferring a case brought in diversity jurisdiction to Mississippi because Mississippi law applied to the case); *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 8-9 (D.D.C. 1996) (where a case involves interpretation of a particular state's laws, this factor may weigh in favor of transfer). Accordingly, the issue of possible transfer of the Missouri, Georgia, and Utah claims in this case should be briefed by the parties.

## III. CONCLUSION

The motion for a stay brought by YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, CCMP, and Van Patten (Doc. 12) is **DENIED**. Defendants who have appeared in the case shall submit dispositive motions addressing the topics raised in this Order (claim- and issue-preclusion and possible transfer of foreign state-law claims) not later than thirty (30) days from the date of entry of this Order.

**IT IS SO ORDERED.**

DATED: September 8, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge