## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN STULL, et al., individually and on behalf of similarly situated individuals, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-600-GPM |
| | ) |
| YTB INTERNATIONAL, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. INTRODUCTION

This matter is before the Court on a motion to strike the operative complaint in this case (Doc. 11). The Court will dispense with a lengthy recitation of the nature of the claims asserted in this case, as this has been discussed in previous orders of the Court. *See, e.g., Morrison v. YTB Int'l, Inc.*, Civil Nos. 08-565-GPM, 08-579-GPM, 2010 WL 1558712, at **1-2 (S.D. Ill. Apr. 19, 2010); *Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768, 771-73 (S.D. Ill. 2009). Plaintiffs in this matter are John Stull, Randall Quick, LaShonda Stiff, Faye Morrison, Jeff Hartman, Polly Hartman, JPH Development, Inc., Courtney Speed, Kwame Thompson, Jorge Gonzalez, Nikki Shotwell, and Grace Perry. Plaintiffs allege that they are victims of a pyramid scheme operated by Defendants YTB International, Inc. ("YTB"), YourTravelBiz.com, Inc. ("YTB.com"), YTB Travel Network, Inc. ("YTBTN"), YTB Travel Network of Illinois, Inc. ("YTBTNI"), J. Lloyd Tomer, J. Scott Tomer, J. Kim Sorensen, Andrew Cauthen, and Robert Van Patten. Plaintiffs allege further that the aforementioned Defendants were abetted in their scheme by

Defendants Meridian Land Company ("Meridian"), Winfield Development, LLC ("Winfield LLC"), CCMP, Inc. ("CCMP"), Clay O. Winfield, and Timothy Kaiser.

The complaint in this case asserts a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*., and claims under the consumer protection statutes of Missouri, Georgia, and Utah, together with civil conspiracy claims under the laws of Illinois, Missouri, Georgia, and Utah. Additionally, the complaint seeks the certification of both plaintiff classes and defendant classes under the laws of Illinois, Missouri, Georgia, and Utah. This case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and has been removed to this Court by YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, CCMP, and Van Patten. Federal subject matter jurisdiction is premised on diversity pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). It appears from the record that shortly before this case was removed Plaintiffs filed an amended complaint that names as respondents in discovery pursuant to 735 ILCS 5/2-402 the following persons and entities: James G. Martin; Jay Summerville; Brian Edward Kaveney; and Armstrong Teasdale, LLP ("Armstrong Teasdale"). The respondents in discovery are counsel in this cause for YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, CCMP, and Van Patten. The respondents in discovery named in Plaintiffs' operative complaint now have moved to be stricken from the complaint. Having considered the matter carefully, the Court rules as follows.

## II. ANALYSIS

Although the respondents in discovery in this case do not identify the precise procedural basis for their motion, it appears to be the portion of Rule 12 of the Federal Rules of Civil Procedure that

permits a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  *See also Spano v. Boeing Co.*, No. 06-cv-743-DRH, 2007 WL 1149192, at *6 (S.D. Ill. Apr. 18, 2007) (noting that "Rule 12(f), which applies only to . . . matter contained in a pleading, is the sole vehicle for striking such matter furnished by the Federal Rules of Civil Procedure.").  However, inasmuch as the challenged matter in Plaintiffs' complaint does not seem to the Court to be redundant, immaterial, impertinent, or scandalous, the Court will construe the respondents' motion as a motion to dismiss for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Accordingly, a short recitation of the standard under which the Court must review a Rule 12(b)(6) motion is in order.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true.  *See Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 4894575, at *2 (S.D. Ill. Dec. 11, 2009); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *8 (S.D. Ill. Sept. 17, 2009).  The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case.  *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Morrison*, 641 F. Supp. 2d at 773; *Brown v. SBC Commc'ns, Inc.*, No. 05-cv-777-JPG, 2007 WL 684133, at *2 (S.D. Ill. Mar. 1, 2007).  A complaint should be dismissed if it either fails to provide adequate notice or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *See also Airborne Beepers &*

*Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the . . . grounds . . . of his . . . entitle[ment] to relief . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do[.]" *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

As noted, Armstrong Teasdale, James Martin, Jay Summerville, and Brian Kaveney are named in Plaintiffs' complaint as respondents in discovery pursuant to 735 ILCS 5/2-402. Under that statute,

> The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

735 ILCS 5/2-402.[1] A person or entity may be named as a respondent in discovery only for six months, unless for good cause shown the period is extended for ninety days. *See id*. The statute permits a plaintiff in a civil action to direct discovery to a non-party with an eye to making the non-party respondent in discovery a party defendant if the discovery discloses that the non-party potentially is liable to the plaintiff. *See, e.g., Ebersohl v. Bechtel Corp.*, Civil No. 09-1029-GPM, 2010 WL 785973, at *3 (S.D. Ill. Mar. 4, 2010) (quoting *Hugley v. Alcaraz*, 494 N.E.2d 706, 711 (Ill. App. Ct. 1986)) ("[T]he purpose of Section 2-402 is 'to enable a plaintiff through liberal discovery rules to determine whether the respondent should be made a

---

1.    At one time, 735 ILCS 5/2-402 was limited by its terms solely to actions for medical malpractice. *See, e.g., Murphy v. Giardina*, 413 N.E.2d 399, 400 (Ill. 1980); *Whitley v. Lutheran Hosp.*, 392 N.E.2d 729, 731 (Ill. App. Ct. 1979). As the statute stands now, however, it applies, by its terms, in any civil action in Illinois state court.

defendant[.]'"").  As the respondents in discovery point out in their brief in support of their motion to be dismissed, the principal issue for the Court to resolve is whether Section 2-402 constitutes state substantive law that must be applied by the Court in this diversity case or whether the state statute is merely procedural and therefore must give way to the Federal Rules of Civil Procedure.  Having considered the matter carefully, the Court concludes that Section 2-402 is merely procedural and thus not applicable in federal court.

In general, of course, state law furnishes the rule of decision in federal court, absent a countervailing federal interest that mandates the application of federal law.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Houben v. Telular Corp*., 309 F.3d 1028, 1032 (7th Cir. 2002); *In re General Motors Corp. Dex-Cool Prods. Liab. Litig*., 241 F.R.D. 305, 315 (S.D. Ill. 2007) (collecting cases).  *See also* 19 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4520 (2d ed. 1987 & Supp. 2010) ("It frequently is said that the doctrine of *Erie Railroad Company v. Tompkins* applies only in diversity of citizenship cases; this statement simply is wrong.  The *Erie* case and the Supreme Court decisions following it apply in federal question cases as well.") (footnote omitted).  However, federal law, not state law, governs matters of procedure in federal court.  *See Hanna v. Plumer*, 380 U.S. 460, 464-65 (1965); *Kijowska v. Haines*, 463 F.3d 583, 589 (7th Cir. 2006); *LaRoe v. Cassens & Sons, Inc*., 472 F. Supp. 2d 1041, 1046 (S.D. Ill. 2006).  The Rules Enabling Act reinforces these principles by prohibiting application of the Federal Rules of Civil Procedure in such a way as to "abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(b).  The standard for determining whether state law is procedural or substantive is the so-called "outcome-determinative" test, which requires a court to examine whether a given state law reflects an intent by a state to influence substantive outcomes of

cases and whether a refusal to apply state law would encourage parties to forum-shop in federal court. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 346 (7th Cir. 1997). The United States Court of Appeals for the Seventh Circuit has instructed that, in applying the outcome-determinative test,

> [one] class of pretty easy cases is where the state procedural rule, though undeniably "procedural" in the ordinary sense of the term, is limited to a particular substantive area, such as . . . tort law . . . . For then the state's intention to influence substantive outcomes is manifest and would be defeated by allowing parties to shift their litigation into federal court unless the state's rule was applied there as well.

*S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995). *See also Murrey v. United States*, 73 F.3d 1448, 1456 (7th Cir. 1996) (explaining that when "a rule [is] limited to a particular area of law and motivated by concerns about the potential impact on primary behavior . . . of making it too easy for plaintiffs to win a particular type of case," then the rule is "almost certainly" substantive law).

Here the relevant Illinois statute is not restricted to any particular substantive area of the law and instead by its terms the statute allows "[t]he plaintiff in any civil action" to designate respondents in discovery. 735 ILCS 5/2-402. Also, a refusal to apply Section 2-402 in federal court would not encourage litigants to shop for a federal forum for the simple reason that federal procedural rules, which control in a removed case exactly as though the case had been filed originally in federal court, do not contemplate the maintenance of a suit purely for discovery. *See Crook v. WMC Mortgage Corp.*, No. 06-cv-535-JPG, 2006 WL 2873439, at *1 (S.D. Ill. Oct. 5, 2006) (quoting *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953)) ("[A] case removed from state court to federal court becomes, 'when it arrives there, . . . subject to

the same rules of procedure as if it had been originally sued in federal court.'") (internal citation and brackets omitted); *Amand v. Pennsylvania R.R. Co*., 17 F.R.D. 290, 292 (D.N.J. 1955) (ruling that under federal procedural rules governing discovery, a suit for pure discovery in aid of a labor arbitration proceeding could not be maintained). *Cf. Home Ins. Co. v. First Nat'l Bank of Rome*, 89 F.R.D. 485, 488 (N.D. Ga. 1980) (dismissing a suit for pure discovery where federal procedural rules furnished an adequate remedy in the form of a subpoena duces tecum). In sum, the Court finds that, under the outcome-determinative test, Section 2-402 is not state substantive law for *Erie* purposes and does not apply in federal court, so that Armstrong Teasdale, Martin, Summerville, and Kaveney are due to be dismissed as respondents in discovery.[2]

As an additional reason for granting the request of the respondents in discovery in this case to be dismissed from the case, the Court notes also that Plaintiffs are attempting to make counsel for YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, CCMP, and Van Patten witnesses in this case, a litigation tactic that, the Court has noted in the past, is viewed with "very deep disfavor." *Will v. General Dynamics Corp*., No. 06-698-GPM, 2007 WL 3145058, at *3 (S.D. Ill. Oct. 25, 2007). *See also Constance v. Brennan*, Civil Nos. 10-460-GPM, 10-517-GPM,

---

2.     Also, although the Court is not required to resolve the issue, the Court finds it highly questionable whether a petition pursuant to 735 ILCS 5/2-402 is even within the Court's subject matter jurisdiction.  Federal jurisdiction extends, of course, only to "Cases" and "Controversies." *Westefer v. Snyder*, No. CIV 00-162-GPM, CIV 00-708-GPM, 2010 WL 2836800, at *2 (S.D. Ill. July 20, 2010) (quoting U.S. Const. art. 3, § 2, cl. 1).  It seems unlikely to the Court that a proceeding aimed at determining whether a person should be joined as a defendant is a ripe controversy for purposes of Article III, which, the Court notes, does not apply to state courts.  *See Texas v. United States*, 523 U.S. 296, 300 (1998) (explaining that the doctrine of ripeness prevents federal courts from deciding claims arising out of "contingent future events that may not occur as anticipated, or indeed may not occur at all"); *Alcan Aluminium Ltd. v. Oregon Dep't of Revenue*, 724 F.2d 1294, 1295 n.1 (7th Cir. 1984) ("[C]oncern with the contingency of future events is at the core of the ripeness doctrine"); *Lebron v. Gottlieb Mem'l Hosp*., 930 N.E.2d 895, 917 n.4 (Ill. 2010) (Article III justiciability requirements do not apply to Illinois state courts).

2010 WL 3303165, at *2 (S.D. Ill. July 23, 2010) (referring to the "litigation tactic of attempting to procure disqualification of an opponent's attorney by making the attorney a witness in a case" as "disfavored").  Under the rules of professional conduct for attorneys that have been adopted by this Court, an attorney is barred generally from acting as both an advocate and a witness in a single proceeding.  This so-called "advocate-witness" rule provides as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

Ill. Rules of Prof'l Conduct R. 3.7.  *See also* SDIL-LR 83.2(b) ("The Rules of Professional Conduct adopted by this Court are the Rules of Professional Conduct adopted by the Supreme Court of Illinois as amended from time to time, except as otherwise provided by specific rule of this Court.").  "That counsel should avoid appearing both as advocate and witness except under special circumstances is beyond question . . . . This rule, however, does not render an advocate incompetent as a witness, but merely vests the trial court with discretion to determine whether counsel may appear as a witness without withdrawing from the case."  *United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983) (citing *United States v. Johnston*, 690 F.2d 638, 646 (7th Cir. 1982)).  *See also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 629 (7th Cir. 1998) (noting that the advocate-witness rule is not self-executing, and a violation thereof may be waived by failure to raise a timely request for disqualification).  As the caselaw makes clear, however, the Court's discretion in the matter of permitting an attorney to act both as an advocate and a witness in a single proceeding is to be exercised against permitting attorneys to act in such a dual role.

In particular, taking the deposition of opposing counsel is highly disfavored and is allowed only in exceptional circumstances. "Such a deposition provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness." *Marco Island Partners v. Oak Dev. Corp.*, 117 F.R.D. 418, 420 (N.D. Ill. 1987). "[D]epositions of opposing counsel . . . disrupt the adversarial process and lower the standards of the profession . . . . Thus, a party should not be permitted to take the deposition of another party's attorney except in the most unusual of circumstances." *Wilson v. Scruggs*, No. Civ.A. 3:02CV525LN, 2003 WL 23521358, at *1 (S.D. Miss. Apr. 10, 2003). *See also M & R Amusements Corp. v. Blair*, 142 F.R.D. 304, 305 (N.D. Ill. 1992) ("Deposing an opponent's attorney is a drastic measure. It not only creates a side-show and diverts attention from the merits of the case, its use also has a strong potential for abuse. Thus, a motion to depose an opponent's attorney is viewed with a jaundiced eye and is infrequently proper."); *Carehouse Convalescent Hosp. v. Superior Court*, 50 Cal. Rptr. 3d 129, 130 (Cal. Ct. App. 2006) ("The adversarial system of justice presumes that the attorneys for each side oppose one another, not depose one another."). A party seeking to depose an opposing party's attorney shoulders a heavy burden of proving the necessity of such a deposition by showing that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to preparation of the examining party's case. *See SEC v. Buntrock*, 217 F.R.D. 441, 445 (N.D. Ill. 2003) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)) (collecting cases); *Johnstone v. Wabick*, 220 F. Supp. 2d 899, 901 (N.D. Ill. 2002); *Prevue Pet Prods., Inc. v. Avian Adventures, Inc.*, 200 F.R.D. 413, 418 (N.D. Ill. 2001). *Accord*

*Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 250 F.R.D. 575, 581 (D. Colo. 2007); *New York v. Solvent Chem. Co.*, 214 F.R.D. 106, 112 (W.D.N.Y. 2003); *EEOC v. HBE Corp.*, 157 F.R.D. 465, 466 (E.D. Mo. 1994); *United States v. All Funds on Deposit*, 801 F. Supp. 984, 996 (E.D.N.Y. 1992). Where depositions of opposing counsel are at issue, the party seeking to depose another party's attorney has the burden of "demonstrat[ing] the propriety and the need for the deposition." *American Cas. Co. of Reading, Pa. v. Krieger*, 160 F.R.D. 582, 585 (S.D. Cal. 1995). Moreover, although protective orders generally are not favored, "[a] request to take the deposition of a party's attorney . . . constitutes a circumstance justifying departure from the normal rule." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 84 (M.D.N.C. 1987). In fact, "the mere request to depose a party's attorney constitutes good cause for obtaining a . . . protective order," unless the party seeking the deposition can show both the propriety and need for the deposition. *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.*, 125 F.R.D. 578, 594 (N.D.N.Y. 1989). Notwithstanding the general disfavor of depositions of opposing counsel, however, in rare instances they are allowed. *See, e.g., In re Tutu Water Wells Contamination*, 184 F.R.D. 266, 267-68 (D.V.I. 1999) (the defendants established a legitimate basis for a deposition of opposing counsel concerning the role of opposing counsel in negotiating a settlement agreement which created the purported cause of action, because opposing counsel were actors or witnesses to the agreement, and the defendants could not otherwise obtain the information they sought); *Cascone v. Niles Home for Children*, 897 F. Supp. 1263, 1266 (W.D. Mo. 1995) (denying the defendant's motion to quash the notice of deposition of its attorney, where the plaintiff sought information about the attorney's actions before the litigation commenced, and no other means existed to obtain the needed information).

Here nothing suggests that there are any compelling circumstances in this matter that warrant allowing Plaintiffs to make counsel for YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, CCMP, and Van Patten witnesses in this case.   Apparently Plaintiffs have named Armstrong Teasdale, Martin, Summerville, and Kaveney as respondents in discovery in this case because Plaintiffs are having difficulty effecting service of process on certain Defendants; these would appear to be J. Lloyd Tomer, J. Scott Tomer, Meridian, Winfield LLC, Clay Winfield, and Timothy Kaiser, none of whom have yet appeared in this cause.  Evidently Plaintiffs' counsel believe that the simplest way to find out how to effect service on the Defendants who have not yet appeared is to direct discovery to counsel for the Defendants that have appeared.  Quite apart from the fact that there is no obvious reason why Armstrong Teasdale, Martin, Summerville, and Kaveney would know how to serve the Tomers, Meridian, Winfield LLC, Winfield, and Kaiser, there clearly are other means whereby Plaintiffs can obtain the information they want, short of naming opposing counsel as respondents in discovery.  To name a few examples, Plaintiffs could use private process servers, detectives, or the United States Marshals Service ("USMS").  *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.").  These all would seem to be much more likely ways for Plaintiffs to obtain the information they want than resorting in the first instance to the unprofessional tactic of trying to make opposing counsel witnesses in this case.  The decision to direct service by the USMS is discretionary.  *See Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008); *Henry v. Wisconsin*, No. 08-696-DRH, 2008 WL 4975930, at *1 (S.D. Ill. Nov. 19, 2008).  Nonetheless, were Plaintiffs to request the Court to direct the USMS to serve the Tomers, Meridian, Winfield LLC, Winfield, and Kaiser, the Court certainly would grant

such a request.  Otherwise, however, the Court regards as highly improper any attempt by Plaintiffs to make counsel for YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, CCMP, and Van Patten witnesses in this case.

### III. CONCLUSION

To conclude, the motion to strike Plaintiffs' complaint brought by YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, CCMP, and Van Patten (Doc. 11), construed by the Court as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is **GRANTED**. Armstrong Teasdale, Martin, Summerville, and Kaveney are **DISMISSED with prejudice** from this action.  The Clerk of Court is directed to terminate Armstrong Teasdale, Martin, Summerville, and Kaveney as parties to this case on the electronic docket of the case.

**IT IS SO ORDERED.**

DATED:  September 8, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge