IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN STULL, et al., individually and on behalf of similarly situated individuals, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 10-600-GPM ) |
| YTB INTERNATIONAL, INC., et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This case is before the Court on a motion for remand of the case to state court for lack of federal subject matter jurisdiction brought by Plaintiffs John Stull, Randall Quick, LaShonda Stiff, Faye Morrison, Jeff Hartman, Polly Hartman, JPH Development, Inc. ("JPH"), Courtney Speed, Kwame Thompson, Jorge Gonzalez, Nikky Shotwell, and Grace Perry (Doc. 26). The Court will dispense with a lengthy recitation of the nature of the claims asserted in this case, as this has been discussed in previous orders of the Court. *See, e.g., Morrison v. YTB Int'l, Inc.*, Civil Nos. 08-565-GPM, 08-579-GPM, 2010 WL 1558712, at **1-2 (S.D. Ill. Apr. 19, 2010); *Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768, 771-73 (S.D. Ill. 2009). In brief, Defendants YTB International, Inc. ("YTB"), YourTravelBiz.com, Inc. ("YTB.com"), YTB Travel Network, Inc. ("YTBTN"), YTB Travel Network of Illinois, Inc. ("YTBTNI"), J. Lloyd Tomer, J. Scott Tomer, J. Kim Sorensen, Andrew Cauthen, and Robert Van Patten (hereinafter, collectively, "the YTB Defendants") are affiliated persons and entities engaged in

selling online travel agencies ("OTAs") to persons interested in starting home businesses. Plaintiffs allege that they purchased OTAs from the YTB Defendants. Plaintiffs allege further that the YTB Defendants' business in fact is in the nature of a pyramid scheme, as the only way purchasers of OTAs actually profit from their OTAs is by inducing new persons to purchase OTAs; persons who induce new people to purchase OTAs are rewarded with premiums of various kinds by the YTB Defendants. Plaintiffs allege that the YTB Defendants have been abetted in their pyramid scheme by Defendants Meridian Land Company ("Meridian"), Winfield Development, LLC ("Winfield LLC"), CCMP, Inc. ("CCMP"), Clay O. Winfield, and Timothy Kaiser.

The operative complaint in this case asserts a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, and claims under the consumer protection statutes of Missouri, Georgia, and Utah, together with civil conspiracy claims under the laws of Illinois, Missouri, Georgia, and Utah. Also, the complaint seeks the certification of both plaintiff classes and defendant classes under the laws of Illinois, Missouri, Georgia, and Utah.[1] This case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and has been removed to this Court by YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, Van Patten, and CCMP. Federal subject matter jurisdiction is asserted on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). Plaintiffs now seek remand of this case to state court on the grounds that the amount in controversy

---

1. This perhaps is the place to note that Plaintiffs formerly named as respondents in discovery in this case pursuant to 735 ILCS 5/2-402 counsel for YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, Van Patten, and CCMP. By order entered September 8, 2010, the Court dismissed the respondents in discovery as parties to this case.

does not satisfy the jurisdictional minimum amount for purposes of the exercise of federal jurisdiction under the CAFA. The motion has been fully briefed, and the Court rules as follows.

## II. ANALYSIS

Under the CAFA federal courts have jurisdiction, subject to specified exceptions, *see* 28 U.S.C. § 1332(d)(3), (d)(4), (d)(5), (d)(9), with respect to: (1) a class action, including a putative class action; (2) that is commenced on or after February 18, 2005; (3) in which claims are asserted on behalf of one hundred or more class members; (4) at least one class member is a citizen of a state different from at least one defendant or, alternatively, at least one class member is a foreign state or a citizen or subject of a foreign state and at least one defendant is a citizen of a state (and vice versa), and; (5) the class claims exceed in the aggregate $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(1)(D), (d)(2), (d)(5)(B), (d)(6), (d)(7), (d)(8); *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 330 (7th Cir. 2009); *Baker v. Acer Am. Corp.*, Civil No. 09-885-GPM, 2009 WL 3681865, at *1 (S.D. Ill. Nov. 3, 2009); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4). Cases filed in state court that satisfy the jurisdictional prerequisites of the statute may be removed to federal court. *See* 28 U.S.C. § 1453(a), (b).[2]

---

2. It perhaps is worth noting that the CAFA legislatively repeals the federal common-law "rule of unanimity" whereby all defendants properly joined and served when a case is removed must join in or otherwise consent to the removal. *See* 28 U.S.C. § 1453(b); *Springman v. AIG Mktg., Inc.*, No. 07-737-GPM, 2007 WL 3406927, at *3 (S.D. Ill. Nov. 14, 2007). Thus, YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, Van Patten, and CCMP were entitled to remove this case without the consent of the remaining Defendants, J. Lloyd Tomer, J. Scott Tomer, Meridian, Winfield LLC, Winfield, and Kaiser, who, in any event, do not appear to have been served when this case was removed.

Turning then to the matter of whether the prerequisites for the exercise of federal jurisdiction under the CAFA are satisfied in this case, the Court notes that this is a putative class action and that it was commenced, that is to say, filed, after the effective date of the statute. *See Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 772 (S.D. Ill. 2006) (citing *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 806 (7th Cir. 2005)) ("In general a class action is commenced for purposes of removal under CAFA on the date it originally was filed in state court."). Also, according to Plaintiffs' operative complaint in the case, each of the proposed plaintiff classes sought to be certified under the laws of Illinois, Missouri, Georgia, and Utah contain over one thousand members. *See* Doc. 10 at 18 ¶ 59; *Id*. at 28 ¶ 96; *Id*. at 38 ¶ 135; *Id*. at 47 ¶ 175. With respect to diversity of citizenship as between the parties to this case, it appears from the record of this case that Plaintiff John Stull is an Illinois citizen while Defendant YTB is a corporation incorporated under Delaware law and therefore is a citizen of Delaware. *See Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981) (citing 28 U.S.C. § 1332(c)(1)) (a corporation is, for purposes of diversity jurisdiction, a citizen of both the state under the law of which it is incorporated and the state where it maintains its principal place of business). Thus, there is minimal diversity of citizenship as between the parties to this case such as is required for the exercise of federal jurisdiction under the CAFA.

What is principally in dispute among the parties to this case is whether the aggregate damages in this case exceed $5 million, exclusive of interest and costs. Under the CAFA, federal courts have "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," provided that minimal diversity of citizenship and the other prerequisites for the exercise of jurisdiction discussed above are met. 28 U.S.C.

§ 1332(d)(2). The statute provides further that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The provisions of the CAFA dealing with the amount in controversy in a class action constitute a legislative repeal of the principle that prevailed before the enactment of the CAFA that a federal court cannot exercise diversity jurisdiction as to a class action unless at least one named plaintiff has a claim worth more than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005); *Zahn v. International Paper Co.*, 414 U.S. 291, 301 (1973); *Snyder v. Harris*, 394 U.S. 332, 336-37 (1969); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 409 (7th Cir. 2000); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *In re General Motors Corp. Dex-Cool*, No. Civ. MDL-03-1562-GPM, Civ. 05-10008-GPM, 2006 WL 2818773, at **6-7 (S.D. Ill. Sept. 27, 2006). As with any other type of case, the proponent of federal jurisdiction in a class action – here, Defendants YTB, YTB.com, YTBTN, YTBTNI, Sorensen, Cauthen, Van Patten, and CCMP – has the burden of proof by a preponderance of the evidence as to the existence of such jurisdiction. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). Additionally, "[a]lthough the proponent of jurisdiction may be called on to prove facts that determine the amount in controversy . . . once these facts have been established the proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

In this instance Plaintiffs contend that the jurisdictional amount is not satisfied because the operative complaint in this case pleads for only $100,000 for each of the plaintiff classes proposed in the complaint. *See* Doc. 10 at 23 ¶ 80; *Id*. at 23-24 ¶ 85; *Id*. at 27 ¶ 93; *Id*. at 34 ¶ 125; *Id*. at 35-36 ¶ 132; *Id*. at 43-44 ¶ 164; *Id*. at 45-46 ¶ 172; *Id*. at 52 ¶ 204; *Id*. at 54 ¶ 212. Of course, language in a complaint that purports to limit recovery below a jurisdictional threshold amount is ineffective actually to reduce damages below the jurisdictional threshold. *See American Bankers Life Assurance Co. of Fla. v. Evans*, 319 F.3d 907, 908 (7th Cir. 2003); *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002); *We Care Hair Dev., Inc. v. Engen*, 180 F.3d 838, 841-42 (7th Cir. 1999); *Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1204-05 (7th Cir. 1997). Only a binding stipulation or affidavit that waives a jurisdictionally-sufficient recovery and is filed with a plaintiff's complaint is effective to reduce the amount in controversy below the jurisdictional threshold. *See Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 430 (7th Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367-68 (7th Cir. 1993); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). Thus, the Court looks to the actual value of the claims asserted in this case. Importantly, Plaintiffs in this case seek both actual and punitive damages. "[W]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Sharp Elecs. Corp. v. Copy Plus, Inc.*, 939 F.2d 513, 515 (7th Cir. 1991) (quoting *Bell v. Preferred Life Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943)). Further, when reckoning punitive damages into the amount in controversy, a court can consider such damages in reasonable multiples of a plaintiff's actual damages. *See Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996) (suggesting that, when reckoning

punitive damages into the jurisdictional amount, an appropriate ratio of punitive damages to actual damages is 3:1). *Cf. America's MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 783-84 (7th Cir. 2004) (the trial court ruled that the jurisdictional amount in controversy was not satisfied by a hypothetical award of punitive damages in a ratio to actual damages of 2,500:1). In this case, as noted, Plaintiffs assert a claim under the ICFA. It is well settled that, in appropriate cases, punitive damages are available on ICFA claims. *See Smith v. Prime Cable of Chicago*, 658 N.E.2d 1325, 1336 (Ill. App. Ct. 1995). Also, where attorneys' fees are recoverable as a matter of law or contract, they may be reckoned into the jurisdictional amount. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 201-02 (1933); *Munro v. Golden Rule Ins. Co.*, 393 F.3d 720, 721 (7th Cir. 2004); *Sarnoff v. American Home Prods. Corp.*, 798 F.2d 1075, 1078 (7th Cir. 1986). The ICFA is a fee-shifting statute that provides for awards of reasonable attorneys' fees to prevailing parties. *See* 815 ILCS 505/10a(a), (c); *Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.*, 63 F.3d 516, 525 (7th Cir. 1995) (applying Illinois law). Accordingly, the Court may reckon both punitive damages and attorneys' fees into the jurisdictional amount in controversy in this case.[3]

---

3. The Court notes that, although counsel for the removing Defendants point out correctly that attorneys' fees can be counted toward the amount in controversy, they overstate the quantity of such fees that can be credited toward the jurisdictional amount. The well-settled rule in this Circuit is that only attorneys' fees incurred before a case is removed can be counted toward the amount in controversy. *See Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 896-97 (7th Cir. 2003); *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958-59 (7th Cir. 1998). Consistent with the principle that a statute is presumed not to overrule existing law save to the extent it does so explicitly, the Court assumes that the CAFA does not overrule this Circuit's traditional approach to the calculation of attorneys' fees for purposes of the jurisdictional amount in removed cases. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-48 (7th Cir. 2005) (holding that the CAFA does not abolish the traditional allocation of the burden of proof as to subject matter jurisdiction in removed cases). The Court does not know the amount of attorneys' fees incurred by Plaintiffs before this case was removed but doubts that it is a substantial sum.

Ultimately, the calculations showing that the CAFA jurisdictional amount is satisfied in this case are not complicated. The removing Defendants have proffered to the Court an affidavit by Van Patten, the current chief executive officer of YTB, averring that the proposed Illinois class in this case contains 17,303 members. *See* Doc. 36-1 (Affidavit of Robert Van Patten) at 1 ¶ 4. "[W]here evidence pertinent to subject matter jurisdiction has been submitted . . . 'the district court may properly look beyond the jurisdictional allegations of the [party invoking federal jurisdiction] . . . to determine whether in fact subject matter jurisdiction exists.'" *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) (quoting *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)). As the removing Defendants point out, the damages of each class member are, at a minimum, $450, the price for the initial purchase of an OTA; thereafter, class members were required to pay a monthly fee of $50 to own and operate their OTAs. Assuming that the damages of the members of the Illinois class are only $450 each, that is, the initial price for an OTA, the classwide damages, in the aggregate, amount to $7,786,350, well in excess of the CAFA jurisdictional minimum amount of an aggregate sum exceeding $5 million, exclusive of interest and costs. It is not even necessary to multiply the damages of the Illinois class by, say, three times to reflect a possible award of punitive damages, or to reckon in a reasonable amount of pre-removal attorneys' fees. In light of the Van Patten affidavit, which Plaintiffs do not challenge, and which the Court has no reason to doubt, it is clear that the jurisdictional amount for CAFA purposes is satisfied by the damages of the Illinois class alone.[4]

---

4. For the sake of completeness, the Court notes that, according to the Van Patten affidavit, the Missouri class in this case contains 9,936 members, the Georgia class contains 32,882 members, and the Utah class contains 2,119 members. *See* Doc. 36-1 (Van Patten Affidavit) at 1-2 ¶¶ 5-7. Assuming that the damages of each of the members of the Missouri, Georgia, and Utah classes are $450, the aggregate damages for all three classes are $20,221,650.

### III. CONCLUSION

The Court has subject matter jurisdiction in this case on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the CAFA.  The motion for remand of this case to state court for lack of federal jurisdiction brought by Stull, Quick, Stiff, Morrison, Jeff Hartman, Polly Hartman, JPH, Speed, Thompson, Gonzalez, Shotwell, and Perry (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  October 13, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge