UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN STULL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No: 3:10-CV-0600 GPM |
| | ) |
| YTB INTERNATIONAL, INC., et al., | ) |
| | ) |
| Defendants. | ) |

<u>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**[1]</u>

Plaintiffs' Response ignores the legal proposition that a plaintiff's pleading will not survive a motion to dismiss "when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). "If the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief." *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Moreover, while Plaintiffs are correct that the Court in considering a motion to dismiss must accept all well-pleaded allegations in the complaint as true, "the tenet that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiffs' complaint in several key areas relies on legal conclusions lacking any factual support.

    **1.**     **Plaintiffs' Allegations Establish That There is No Pyramid Scheme.**

Defendants' point relating to the failure to establish a pyramid scheme is simple:

---

[1] Because of the various new issues raised in Plaintiffs' Response and for the purpose of clarity of argument, Defendants file this Reply memorandum with the Court.

    1.      A pyramid scheme does not exist if compensation is primarily contingent on the volume or quantity of goods, services, or other property sold or distributed;

    2.      Plaintiffs have set out numerous allegations establishing that there was no compensation without the sale of product or services.

Plaintiffs' silence on this point can only be seen as a very loud concession.

Plaintiffs, in a passing remark to which nothing further is said, state: "Defendants contend that the basis for judging whether a scheme is in fact a pyramid scheme is 'where a person has an opportunity to receive compensation not primarily contingent on the volume or quantity of goods, services or other property sold or distributed.'" *See* Plaintiffs' Response at p. 3. However, this is not a mere contention but the statutory requirement under the laws of each relevant state statute. In slightly different language, Illinois, Missouri, Georgia, and Utah all define a pyramid scheme as a plan or operation where a person has the opportunity to receive compensation **"not primarily contingent on the volume or quantity of goods, services, or other property sold or distributed . . ."**[2] Plaintiffs provide no response to this statutory requirement and no response to the reality that multiple paragraphs in the complaint establish that compensation was in fact **"primarily contingent on the volume or quantity of goods, services, or other property sold or distributed."** *See* Defendants' Motion at pp. 5-7.

Plaintiffs attempt to rely upon a repeated allegation in their complaint which in pure conclusory fashion states "Plaintiffs and their proposed class sold neither products nor services." *See, e.g.,* Compl. at ¶¶ 41, 45. But Plaintiffs cannot rely on legal conclusions lacking any factual allegations to support them. *Iqbal*, 129 S. Ct. at 1949. Moreover, this allegation does not say

---

[2] *See* the language of each statute set out in Defendants' Motion to Dismiss and supporting Memorandum at p. 4 and p. 4 n.1.

2

that Plaintiffs were not compensated for the sale of products or services, but rather attempts to make the irrelevant point that the Plaintiffs are not themselves the "salesperson."  Not only is that not a statutory requirement, but also Plaintiffs do in fact refer to themselves as "salesperson" in their complaint.  *See, e.g.,* Compl. ¶¶ 4, 49.  What the complaint makes clear is Plaintiffs' compensation was solely based on the sale of OTAs.  *See* Compl. ¶¶ 2, 4, 45, 48, 49, 50.  Plaintiffs also clearly identify OTAs as a product or service sold to consumers.  *See* Compl. ¶¶ 53, 54.  Under every statute, those allegations nullify the existence of a pyramid scheme.  Plaintiffs provide no retort to this reality.

    **2.**    **The Complaint Also Fails To Allege A Violation Of The Illinois Chain-Referral Statute.**

To fit under the Illinois chain-referral statute, "the sellers promise or represent[ ] that if buyer will furnish seller names of other prospective buyers of like or identical merchandise that seller will contact the named prospective buyers and buyer will receive a reduction in the purchase price by means of a cash rebate, commission."  Except for Plaintiffs' naked assertion of a violation of Section 505/2A(1) in paragraph 82, there is no allegation that any buyer was asked to "furnish seller names of other prospective buyers," and no allegation that "seller will contact the named prospective buyers."  Plaintiffs point to nothing to attempt to fill this fatal flaw.

    **3.**    **The Complaint Also Fails To Allege A Violation Of The Georgia Multilevel-Marketing Statute.**

Plaintiffs' Response relies on legal conclusions which are contradicted by the factual allegations in the complaint.  There is nothing in the complaint which suggests in any way that compensated participants did not "perform a bona fide supervisory, distributive, selling, or soliciting function in the sale or delivery of such product" as required to violate Georgia law.  Rather, everything referenced in the Complaint relating to how one was compensated discusses

3

how compensation is connected to a sale of a product. "[A]bstract recitations of the elements of a cause of action or conclusory legal statements do nothing to distinguish the particular case that is before the court from every other hypothetically possible case in that field of law" and do not meet Rule 8's requirements *Swanson v. Citibank*, 614 F.3d 400, 405 (7th Cir. 2010).

### 4. The Utah Claim Can Not Proceed.

Plaintiff Grace Perry did not plead an individual claim. Since Plaintiffs concede they can not proceed as a Utah class action, Ms. Perry must be dismissed.

### 5. *Res Judicata* Bars The Non-Illinois Plaintiffs From Proceeding.

The Court dismissed the Plaintiffs' claims with prejudice only after they filed a series of complaints disregarding the Court's orders outlining the application of the doctrine of the law of the case and the Court's determinations of the inability of non-Illinois Plaintiffs to maintain an ICFA action. The Court had the authority to do so. *See Moser v. Universal Eng'g Corp.*, 11 F.3d 720, 724 (7th Cir. 1993) ("When a party continues to file motions regarding a matter that the court considers to be at an end, it is necessary for that court to be able to manage and guide the litigation before it. Methods of control may be in the form of assessing fines or fees, or even the ultimate sanction of dismissing a case with prejudice.").[3]

A dismissal with prejudice is a final decision on the merits capable of supporting a *res judicata* bar on further actions that arise out of the "same transaction." *See, e.g., Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589 (7th Cir. 1986). Indeed, "with prejudice" is an acceptable form of shorthand for "adjudication on the merits." *See Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993) *quoting* 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL

---

[3] Further, because the plaintiffs have appealed the order of this Court, the dismissal with prejudice may not be altered at this time by the trial court.

4

PRACTICE AND PROCEDURE § 2373 (1973).  The Seventh Circuit has denied the very same argument the plaintiffs rely on here – that a dismissal with prejudice is insufficient to support a *res judicata* bar – holding that a "dismissal with prejudice is as conclusive of the rights of the parties as an adverse judgment after trial, being *res judicata* of all questions which might have been litigated in the suit . . . a dismissal with prejudice is a final judgment on the merits which will bar a second suit between the same parties for the same cause of action."  *Phillips v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971) (internal citations and quotations omitted).  *Res judicata* bars not only the non-resident Plaintiffs ICFA claims, but also the claims brought under the consumer-protection statutes of the various states.  *See Car Carriers*, 789 F.2d at 593.

   **6.**  **Abstention is appropriate under *Colorado River*.**

   Plaintiffs' argument that "limited" abstention is not allowed is flawed because courts have recognized that partial abstention can be appropriate, *see, e.g., In re Rusty Jones, Inc.*, 124 B.R. 774, 780 n.3 (N.D. Ill. Bkrtcy. 1991); *see also Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 305 (1979), and if this Court dismisses non-Illinois Plaintiffs, only the Illinois plaintiffs will remain.  Further, as set forth in more detail in Defendants' opening memorandum, the addition of a conspiracy claim and conspiracy defendants does not make actions non-parallel.  The analysis turns on whether the result in one case will have a *res judicata* effect on the other case: it will here regardless of the outcome of the state-court action.  A plaintiff may not attempt to avoid abstention simply by tacking on an additional cause of action or additional defendants especially when that additional cause of action is derivative of the actual underlying claims.  *See Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004).  The attorney general seeks substantially the same relief as the plaintiffs here – damages to plaintiffs (actual damages), costs of prosecution (attorneys' fees), and a penalty (punitive) – and abstention is appropriate.

                      ARMSTRONG TEASDALE LLP

                      BY:   /s/ Brian E. Kaveney
                           Brian E. Kaveney
                           James G. Martin
                           Jay A. Summerville
                           7700 Forsyth Blvd., Suite 1800
                           St. Louis, Missouri 63105
                           314.621.5070
                           314.621.5065 (facsimile)
                           bkaveney@armstrongteasdale.com
                           jmartin@armstrongteasdale.com
                           jsummerville@armstrongteasdale.com

                    ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on this 29th day of November, 2010, he electronically filed this Reply to Plaintiffs' Response to Defendants' Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Christian G. Montroy, Esq.
Montroy Law Offices, LLC
412 Missouri Avenue
East St. Louis, IL 62201

Jay L. Kanzler, Jr., Esq.
Brian J. Massimino, Esq.
Witzel, Kanzler, Dimmitt,
Kenney & Kanzler, LLC
2001 S. Big Bend Blvd.
St. Louis, MO 63117

*Attorneys for Plaintiffs*

                           /s/ Brian E. Kaveney